UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
CAMILLE SMITH, JERRY PROVINCE, SAMUEL
RAMOS, AND JOSE MORALES, suing on behalf
of themselves and all others similarly situated,

           Plaintiffs,

-against-

DAVID PATERSON; BRIAN FISCHER; GLENN
GOORD; RICHARD DeSIMONE; and JOHN DOES,
Nos. 1-150 (members of the New York State Department
of Correctional Services whose names are presently
unknown to plaintiff)

           Defendants.
-----------------------------------------------------------------X

Index No.:

Jury Trial Demanded

CLASS ACTION, S.D.N.Y.
COMPLAINT

[Stamp: APR 02 2008]

Plaintiffs, CAMILLE SMITH, JERRY PROVINCE, SAMUEL RAMOS and JOSE MORALES, complaining of the defendants on behalf of themselves and all others similarly situated, allege as follows:

**INTRODUCTION**

1. The named plaintiffs are suing on behalf of themselves and they also seek to represent a class comprised of all individuals convicted of felony offenses in the State of New York, sentenced by judges to prison terms without post-release supervision, but made subject to post-release supervision by later administrative fiat.

2. The class period for the class commences three years prior to the date on which this action was filed with the Clerk of the United States District Court for the Southern District of New York and extends until such date when the defendants are enjoined from, or otherwise cease, the imposition by administrative fiat of post-release

supervision on individuals convicted of felony offenses in the State of New York and sentenced to prison terms without post-release supervision.

## JURISDICTION AND VENUE

3. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 and the Fourteenth Amendment to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. §§ 1983 and 1988.

4. Venue is proper in the United States District Court for the Southern District of New York in that a substantial part of the events giving rise to plaintiffs' claims occurred in this District. 28 U.S.C. § 1391(b).

## JURY DEMAND

5. Plaintiffs hereby demand trial by jury of all issues properly triable thereby.

## THE PARTIES

**Plaintiffs**

6. Plaintiff CAMILLE SMITH is a resident of Brooklyn, New York. In 2001 the Honorable Micki Scherer, Justice of the Supreme Court, New York County, sentenced plaintiff Smith to a prison term upon her plea of guilty to Attempted Assault in the First Degree. Even though Justice Scherer expressly declined to sentence plaintiff Smith to post-release supervision, the New York State Department of Correctional Services later imposed post-release supervision on plaintiff by administrative fiat. Following completion of her prison term, plaintiff Smith was re-incarcerated three times for allegedly violating the terms and conditions of her post-release supervision. Plaintiff Smith was finally released from custody in January 2008, after the Honorable Lester

Adler, Justice of the Supreme Court, Westchester County, granted plaintiff's petition for a writ of habeas corpus.

7.   Plaintiff JERRY PROVINCE is a resident of Brooklyn, New York. In 1999 the Honorable Deborah Dowling, Justice of the Supreme Court, Kings County, sentenced plaintiff Province to a prison term upon his plea of guilty to two counts of Burglary in the Second Degree. Even though Justice Dowling did not sentence plaintiff Dowling to post-release supervision, the New York State Department of Correctional Services later imposed post-release supervision on plaintiff by administrative fiat. Following completion of his prison term, plaintiff Province was re-incarcerated twice for allegedly violating the terms and conditions of his post-release supervision. Plaintiff Province was finally released from custody in October 2007, after Justice Dowling reaffirmed that post-release supervision was not part of plaintiff's sentence.

8.   Plaintiff SAMUEL RAMOS is a resident of Brooklyn, New York. In 2001 the Honorable Leon Ruchelsman, Justice of the Supreme Court, Bronx County, sentenced plaintiff Ramos to a prison term upon his plea of guilty to Robbery in the First Degree. Even though Justice Ruchelsman did not sentence plaintiff Ramos to post-release supervision, the New York State Department of Correctional Services later imposed post-release supervision on plaintiff by administrative fiat. Following completion of his prison term, plaintiff Ramos was re-incarcerated three times for allegedly violating the terms and conditions of his post-release supervision. Plaintiff Ramos was finally released from prison in December 2007, after the Honorable Richard Lee Price, Justice of the Supreme Court, Bronx County, granted plaintiff's petition for a writ of habeas corpus.

9. Plaintiff JOSE MORALES is a resident of Brooklyn, New York. In 1999 the Honorable Deborah Dowling, Justice of the Supreme Court, Kings County, sentenced plaintiff Morales to a prison term upon his plea of guilty to Attempted Robbery in the Second Degree and Attempted Criminal Sale of a Controlled Substance in the Third Degree. Even though Justice Dowling did not sentence plaintiff Ramos to post-release supervision, the New York State Department of Correctional Services later imposed post-release supervision on plaintiff by administrative fiat. Following completion of his prison term, plaintiff Morales was re-incarcerated for allegedly violating the terms and conditions of his post-release supervision. Plaintiff remains incarcerated.

**Defendants**

10. Defendant DAVID PATERSON is the duly elected Governor of the State of New York and is the chief policymaker of all of the agencies within the State's Executive Department, including the New York State Department of Correctional Services. Defendant Paterson is being sued in his official capacity.

11. Defendant BRIAN FISCHER is presently Commissioner of the New York State Department of Correctional Services, having been originally confirmed on March 12, 2007. On information and belief, defendant Fischer actively participated, directly or indirectly, in the unlawful actions described below. Defendant Fischer is being sued in his official and individual capacities.

12. Defendant GLENN GOORD was formerly Commissioner of the New York State Department of Correctional Services. On information and belief, defendant Goord actively participated, directly or indirectly, in the unlawful actions described below. Defendant Goord is being sued in his individual capacity.

13. Defendant RICHARD DeSIMONE is Associate Counsel in Charge of the Office of Sentencing Review of the New York State Department of Correctional Services. On information and belief, defendant de Simone actively participated, directly or indirectly, in the unlawful actions described below. Defendant de Simone is being sued in his official and individual capacities.

14. JOHN DOES Nos. 1-150 ("the Doe defendants") are or were at all relevant times herein, agents, employees, officers, and servants of the New York State Department of Correctional Services. On information and belief, all Doe defendants actively participated, directly or indirectly, in the unlawful actions described below. All Doe defendants are being sued in their official and individual capacities.

15. At all relevant times herein, the above defendants were acting under color of state law in the course of their duties and functions as agents, employees, officers, and servants of the New York State Department of Correctional Services and otherwise engaged in conduct incidental to the performance of their lawful functions in the course of their duties. At all relevant times herein, the above defendants were acting for and on behalf of the New York State Department of Correctional Services, with the power and authority vested in them as agents, employees, officers, and servants of that state agency.

16. At all relevant times herein, the above defendants acted jointly and in concert with each other. Each defendant had the duty and the opportunity to protect plaintiffs from the unlawful actions of the other defendants but each failed and refused to perform such duty, thereby proximately causing plaintiff's injuries.

## CLASS ACTION ALLEGATIONS

17. Plaintiffs bring this case as a class action under Fed. R. Civ. P. 23(b)(2) and (b)(3) on behalf of all individuals convicted of felony offenses in the State of New York, sentenced by judges to prison terms without post-release supervision, but made subject to post-release supervision by defendants' later administrative fiat.

18. This case is appropriate for treatment as an injunctive class under Fed. R. Civ. P. 23(b)(2) because defendants have acted, or failed to act, on grounds generally applicable to the class, thereby making injunctive relief appropriate with respect to the class as a whole.

19. This case is also appropriate for treatment as a damages class under Fed. R. Civ. P. 23(b)(3) because common issues predominate over individual issues and a class action resolving the claims of the class is superior to any other method of fair and efficient adjudication.

20. On information and belief, the members of the class and subclass are estimated to be in the thousands and therefore too numerous to join in one action. Indeed, in recent oral argument in the New York Court of Appeals, an assistant district attorney stated that "countless" individuals convicted of felony offenses in the State of New York and sentenced by judges to prison terms without post-release supervision have been made subject to post-release supervision by later administrative fiat. Sentencing Practices at Issue For Post-Release Supervision, N.Y.L.J., Mar. 17, 2008, at 1, 2.

21. On information and belief, joinder is also impracticable because many members of the proposed class are incarcerated, indigent, and/or non-English speaking and thus will have great difficulty pursuing their constitutional claims individually.

22.     Common questions of law and fact exist as to all class members and predominate over questions that affect only the individual members. These common questions include, but are not limited to, whether defendants adopted, promulgated, and implemented a policy and practice of imposing post-release supervision by administrative fiat on convicted felons sentenced by judges to prison terms without post-release supervision, and if so, whether that policy and practice violates class members' rights to due process of law under the Fourteenth Amendment to the United States Constitution.

23.     The named plaintiffs' claims are typical of those of the class. Each named plaintiff has been convicted of a felony offense in the State of New York. Each named plaintiff has been sentenced by a judge to a prison term without post-release supervision. Each named plaintiff has been made subject to post-release supervision by later administrative fiat.

24.     The named plaintiffs are adequate representatives of the proposed class. The constitutional violations alleged by the named plaintiffs stem from the same course of conduct by the defendants, namely, the imposition of post-release supervision by administrative fiat on individuals convicted of felony offenses and sentenced by judges to prison terms without post-release supervision. The legal theories on which the named plaintiffs rely are the same as those upon which the class would rely. The harms suffered by the named plaintiffs are also typical of the harms suffered by the proposed class members.

25.     The named plaintiffs will fairly and adequately protect the interests of the class. The interests of the named plaintiffs are consistent with those of the class

members. The named plaintiffs have the requisite personal interest in the outcome of this action.

26.    Plaintiffs are represented by LEVENTHAL & KLEIN, LLP. These attorneys have the resources, experience and expertise to diligently prosecute this class action and they do not have any knowledge of any conflicts among the members of the class or between any of the class members and counsel.

27.    The class action mechanism is superior to other available methods for the fair and efficient adjudication of this controversy in that (i) the prosecution of hundreds of separate actions would be inefficient and wasteful of judicial resources, (ii) the members of the class are located throughout the State of New York, including many confined in the State prison system, and are not likely to be able to vindicate and enforce their constitutional and statutory rights unless this action is maintained as a class action, (iii) the issues raised can be more fairly and efficiently resolved in the context of a single action rather than piecemeal litigation in separate actions, (iv) the resolution of litigation in a single forum will avoid the danger and resultant confusion of possible inconsistent determinations, (v) the prosecution of separate actions would create the risk of inconsistent and varying adjudications with respect to individuals pursuing claims against defendants, which would establish incompatible standards of conduct for defendants, (vi) defendants have acted and will act on grounds applicable to all class members, making final declaratory and injunctive relief on behalf of all members necessary and appropriate, and (vii) questions of law and/or fact common to members of the class predominate over any questions that will effect individual class members.

## STATEMENT OF FACTS

**General Allegations**

27.     Plaintiffs are individuals convicted of felony offenses in the State of New York, sentenced by judges to prison terms without any mention of post-release supervision.

28.     Prior to plaintiffs' release from incarceration by the New York State Department of Correctional Services, defendants administratively imposed a sentence of post-release supervision.

29.     The administrative imposition of a sentence by the defendants violates the plaintiffs' clearly established rights to due process as otherwise set forth in *Hill v. United States ex rel. Wampler*, 298 U.S. 460 (1936). *See Early v. Murray*, 451 F.3d 71 (2d Cir. 2006).

**Plaintiff Camille Smith**

30.     On May 9, 2001, the Honorable Micki Scherer, Justice of the Supreme Court, New York County, sentenced plaintiff Smith to a determinate term of imprisonment of three years and six months upon her guilty plea to Attempted Assault in the First Degree under Indictment No. 2000/1982. Justice Scherer expressly declined to sentence plaintiff Smith to post-release supervision. Nonetheless, after plaintiff Smith's sentencing, the New York State Division of Correctional Services ("DOCS") imposed a five-year period of post-release supervision on plaintiff by administrative fiat.

31.     On or about September 17, 2003, plaintiff Smith completed her prison term. At or shortly before the time of her release, plaintiff Smith learned -- for the first time -- that she was subject to five years of post-release supervision.

6

32. Plaintiff Smith subsequently was re-incarcerated three times for allegedly violating the terms and conditions of her post-release supervision. All told, plaintiff Smith served approximately 30 months in prison beyond her judicially imposed 3-year-and-six-month prison sentence.

33. On January 15, 2008, the Honorable Lester Adler, Justice, Supreme Court, Westchester County, granted plaintiff Smith's petition for a writ of habeas corpus. The next day, January 16, 2008, DOCS vacated the post-release supervision imposed on plaintiff by administrative fiat and released her from Bedford Hills Correctional Facility.

**Plaintiff Jerry Province**

34. On or about December 3, 1999, the Honorable Deborah Dowling, Justice of the Supreme Court, Kings County, sentenced plaintiff Province to concurrent determinate terms of imprisonment of five years and four years upon his plea of guilty to Burglary in the Second Degree and Criminal Sale of a Controlled Substance in the Third Degree under Indictment Nos. 4710/99 and 3581/99. The sentence imposed by Justice Dowling did not include post-release supervision. Nonetheless, after plaintiff Province's sentencing, DOCS imposed a five-year period of post-release supervision on plaintiff by administrative fiat.

35. On or about September 26, 2003, plaintiff Jerry Province completed his prison term. At or shortly before his release, plaintiff Province learned -- for the first time -- that he was subject to five years of post-release supervision.

36. Plaintiff Province subsequently was re-incarcerated twice for allegedly violating the terms and conditions of his post-release supervision. All told, plaintiff Province served approximately 17 months in custody beyond his judicially-imposed five-

year prison sentence and also was confined for several months to a residential drug treatment program.

37.     On or about October 18, 2007, Justice Dowling reaffirmed that post-release supervision was not part of plaintiff Province's sentence. One week later, on or about October 25, 2007, DOCS vacated the post-release supervision imposed on plaintiff by administrative fiat and released him from Green Haven Correctional Facility.

**Plaintiff Samuel Ramos**

38.     On or about March 5, 2001, the Honorable Leon Ruchelsman, Justice of the Supreme Court, Bronx County, sentenced plaintiff Ramos to a determinate term of imprisonment of five years upon his guilty plea to Robbery in the First Degree under Indictment No. 3596/00. The sentence imposed by Justice Ruchelsman <u>did not</u> include a period post-release supervision. Nonetheless, after plaintiff Ramos's sentencing, DOCS imposed a five-year period of post-release supervision on plaintiff by administrative fiat.

39.     On or about September 17, 2004, plaintiff Ramos completed his five-year prison term. At or shortly before his release, plaintiff learned -- for the first time -- that he was subject to five years of post-release supervision.

40.     Plaintiff Ramos subsequently was re-incarcerated three times for allegedly violating the terms and conditions of his post-release supervision. All told, plaintiff Ramos served approximately 30 months beyond his judicially imposed prison sentence.

41.     On about December 11, 2007, the Honorable Richard Lee Price, Justice of the Supreme Court, Bronx County, granted plaintiff Ramos's petition for a writ of habeas corpus. Six days later, on or about December 17, 2007, DOCS vacated the post-release

supervision imposed on plaintiff Ramos by administrative fiat and released him from Riker's Island Correctional Facility.

**Plaintiff Jose Morales**

42.     On or about July 16, 1999, the Honorable Deborah Dowling, Justice of the Supreme Court, Kings County, sentenced plaintiff to concurrent terms of imprisonment of four years and one-to-three years upon his plea of guilty to Attempted Robbery in the Second Degree and Attempted Criminal Sale of a Controlled Substance in the Third Degree under Indictment Nos. 2808/99 and 4804/98. The sentence imposed by Judge Dowling did not include a period of post-release supervision. Nonetheless, after plaintiff Morales's sentencing, DOCS imposed a five-year period of post-release supervision on plaintiff Morales by administrative fiat.

43.     On or about August 24, 2002, plaintiff Morales completed his terms of imprisonment. At or shortly before the time of his release, plaintiff Morales learned -- for the first time -- that he was subject to five years of post-release supervision.

44.     On or about April 1, 2007, plaintiff Morales was re-incarcerated for allegedly violating the terms and conditions of his post-release supervision. Plaintiff Morales remains incarcerated.

**FIRST CLAIM FOR RELIEF**

45.     Plaintiff repeats and realleges paragraphs 1 through 44 as if fully set forth herein.

46.     Defendants, acting in concert and within the scope of their authority, deprived plaintiff and class members of their rights to due process under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

12

47. Defendants acted knowingly, willfully, and with specific intent to deprive plaintiffs of their rights to due process under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

48. As a direct and proximate result of defendants' misconduct, each and every member of the class has suffered and continues to suffer damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully ask this Court to enter a class-wide judgment:

A. Certifying this suit as a class action;

B. Declaring defendants' policy and practice of imposing post-release supervision by administrative fiat on felony offenders sentenced by judges to determinate prison terms without post-release supervision to violate plaintiffs' and class members' rights to due process under the Fourteenth Amendment to the United States Constitution;

C. Preliminarily and permanently enjoining defendants from imposing post-release supervision by administrative fiat on felony offenders sentenced by judges to determinate prison terms without post-release supervision and directing defendants to remove all effects of the post-release supervision imposed by administrative fiat on class members, including, but not limited to:

(1) Directing defendants to vacate post-release supervision sentences imposed by administrative fiat on class members;

(2) Directing defendants to release class members held in custody for alleged violation of post-release supervision imposed by administrative fiat;

(3) Directing defendants to expunge all warrants issued for the arrest of class members for alleged violation of post-release supervision; and

(4) Directing defendants to remove from each class member's criminal history all references to post-release supervision imposed by administrative fiat and any warrants relating thereto;

D. Awarding compensatory damages to plaintiffs and class members in an amount that is fair, just, reasonable, and in conformity with the evidence;

E. Awarding punitive damages in an amount that is fair, just, reasonable, and in conformity with the evidence;

F. Reasonable attorney's fees and the costs of this litigation; and

G. Such other relief as this Court shall consider fair and equitable.

Dated:    April 1, 2008
          Brooklyn, New York

LEVENTHAL & KLEIN, LLP.
Attorneys for Plaintiffs
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100

By: _____
    BRETT H. KLEIN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CAMILLE SMITH, JERRY PROVINCE, SAMUEL
RAMOS AND JOSE MORALES, suing on behalf
of themselves and all others similarly situated,

                                                  Plaintiffs,

      -against-

DAVID PATERSON; BRIAN FISCHER; GLENN
GOORD; RICHARD DESIMONE; and JOHN DOES,
Nos. 1-150 (members of the New York State Department
of Correctional Services whose names are presently
unknown to plaintiff)

                                                  Defendants.

------------------------------------------------------------------X

## CLASS ACTION COMPLAINT

LEVENTHAL & KLEIN, LLP
Attorneys for Plaintiffs, Camille Smith, Jerry Province, Samuel Ramos and Jose Morales
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100