UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CAMILLE SMITH, JERRY PROVINCE, SAMUEL RAMOS, AND JOSE MORALES, suing on behalf of themselves and all others similarly situated,

Plaintiffs,

-against-

08 Civ. 3313 (SHS)

DAVID PATERSON; BRIAN FISCHER; GLENN GOORD; RICHARD DESIMONE; and JOHN DOES, Nos. 1-150 (members of the New York State Department of Correctional Services whose names are presently unknown to plaintiff),

Defendants.

---

# MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

LEVENTHAL & KLEIN, LLP.
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100

Attorneys for the Plaintiffs

Dated: April 9, 2008

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .................... ii

INTRODUCTION .................... 1

STATEMENT OF FACTS .................... 2

ARGUMENT .................... 5

I. PLAINTIFFS ARE LIKELY TO SUCCEED ON THE MERITS .................... 5

II. PLAINTIFFS WILL SUFFER IRREPARABLE HARM IF DEFENDANTS ARE NOT ENJOINED .................... 6

CONCLUSION .................... 8

## TABLE OF AUTHORITIES

**Cases** **Page**

Able v. United States, 44 F.3d 128 (2d Cir. 1995) ..... 5

Earley v. Murray, 451 F.3d 71 (2d Cir.), reh'g denied, 462 F.3d 147 (2d Cir. 2006), cert. denied, ___ U.S. ___ 127 S. Ct. 3014 (2007) ..... 1, 3, 5, 6

Elrod v. Burns, 427 U.S. 347 (1976) ..... 7

Hill v. United States ex rel. Wampler, 298 U.S. 460 (1936) ..... 1, 5

International Dairy Foods Ass'n v. Amestoy, 92 F.3d 67 (2d Cir. 1996) ..... 5

Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc., 596 F.2d 70 (2d Cir. 1979) ..... 5

Jolly v. Coughlin, 76 F.3d 468 (2d Cir. 1996) ..... 7

Mitchell v. Cuomo, 748 F.2d 804 (2d Cir. 1984) ..... 7

Paulsen v. County of Nassau, 925 F.2d 65 (2d Cir. 1991) ..... 7

People v. Catu, 4 N.Y.3d 242 (2005) ..... 2

Romer v. Green Point Savings Bank, 27 F.3d 12 (2d Cir. 1994) ..... 5

United States v. State of New York, 708 F.2d 92 (2d Cir. 1983), cert. denied, 466 U.S. 936 (1984) ..... 7

**Statutes**

N.Y. Penal Law § 70.45(1) ..... 2

N.Y. Penal Law § 70.45(3) ..... 2

N.Y. Penal Law § 70.45(5) ..... 2

**Miscellaneous**

Sentencing Practices at Issue For Post-Release Supervision, N.Y.L.J., Mar. 17, 2008, at 1 ..... 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CAMILLE SMITH, JERRY PROVINCE, SAMUEL RAMOS, AND JOSE MORALES, suing on behalf of themselves and all others similarly situated,

Plaintiffs,

-against-

DAVID PATERSON; BRIAN FISCHER; GLENN GOORD; RICHARD DESIMONE; and JOHN DOES, Nos. 1-150 (members of the New York State Department of Correctional Services whose names are presently unknown to plaintiff),

Defendants.

08 Civ. 3313 (SHS)

## INTRODUCTION

More than 70 years ago, the Supreme Court declared that only a judge may impose a sentence on an individual convicted of a crime. Hill v. United States ex rel. Wampler, 298 U.S. 460 (1936). In June 2006, the Second Circuit reaffirmed that "basic principle of criminal sentencing," holding that the Due Process Clause of the United States Constitution bars the New York State Department of Correctional Services ("DOCS") from administratively imposing post-release supervision on felony offenders whose court imposed sentence did not include a period of post-release supervision. Earley v. Murray, 451 F.3d 71, 74, 76 (2d Cir. 2006). In August 2006, the Second Circuit denied rehearing, 462 F.3d 147 (2d Cir. 2006), and in June 2007, the Supreme Court denied review. 127 S. Ct. 3014 (2007).

Notwithstanding this "clearly established" law, DOCS, through the defendants in this case, continues to administratively impose post-release supervision on felony offenders whose court imposed sentence did not include a period of post-release supervision. Id. Many in that proposed class, including all four named plaintiffs, have been incarcerated after completing their court imposed sentences solely because they allegedly violated the terms and conditions of their administratively imposed post-release

supervision. Many in that proposed class, including plaintiff Jose Morales, are presently incarcerated solely for such alleged violations.

Plaintiffs seek a temporary restraining order and preliminary injunction: (1) releasing from custody plaintiff Morales and members of the proposed class of felony offenders whose court imposed sentence did not include a period of post-release supervision and who are presently incarcerated solely because they are alleged to have violated terms and conditions of their administratively imposed period of post-release supervision; (2) vacating the administratively imposed period of post-release supervision of plaintiff Morales and members of the proposed class of felony offenders whose court imposed sentence did not include a period of post-release supervision; (3) preliminarily enjoining defendants from administratively imposing post-release supervision on anyone in their custody whose court imposed sentence does not include a period of post-release supervision; and (4) removing all effects of administratively imposed post-release supervision from plaintiff Morales and said proposed class members.

## STATEMENT OF FACTS

In 1998 the State of New York enacted a statute that required a term of post-release supervision on felony offenders sentenced to determinate prison terms. N.Y. Penal Law § 70.45(1) The post-release supervision period "commence[s] upon the person's release from imprisonment." N.Y. Penal Law § 70.45(5). Individuals subject to post-release supervision must comply with various terms and conditions imposed by the New York State Division of Parole -- terms and conditions which may include curfews, travel restrictions, substances abuse testing and treatment, and placement in residential treatment facilities. <u>People</u> v. <u>Catu</u>, 4 N.Y.3d 242, 244 (2005); N.Y. Penal Law § 70.45(3). Violations can result in re-incarceration for a period up to the balance of the remaining period of post-release supervision, not to exceed five years. N.Y. Penal Law § 70.45(1).

However, judges in the State of New York continued for a time to sentence felony offenders to determinate prison terms without sentencing offenders to post-release supervision. In many instances, the defendant pleaded guilty in return for a prosecutor's promise to recommend a determinate prison term without any mention of post-release supervision. At sentencing, the judge simply imposed the promised determinate sentence again without any mention of post-release supervision. See, e.g., Earley v. Murray, 451 F.3d at 73. Nonetheless, DOCS administratively imposed post-release supervision on these defendants -- the plaintiffs and proposed class members herein -- who often only became aware of the administrative imposition of post-release supervision shortly before their release from prison.

On information and belief, DOCS has administratively imposed post-release supervision on hundreds, if not thousands, of felony offenders whose court imposed sentence did not include a period of post-release supervision, including all four named plaintiffs. Indeed, in recent oral argument in the New York Court of Appeals, an assistant district attorney stated that there are "countless" individuals in this category. Sentencing Practices at Issue For Post-Release Supervision, N.Y.L.J., Mar. 17, 2008, at 1, 2. See also Earley v. Murray, 462 F.3d at 150 (noting that DOCS may have added post-release supervision to "numerous sentences").

After fulfilling the terms of their court imposed sentence, many felony offenders who were not sentenced to post-release supervision, including all four named plaintiffs, have been incarcerated solely for alleged violations of the terms and conditions of their administratively imposed post-release supervision. Many in that class are presently incarcerated solely for such alleged violations. Plaintiff Morales is presently incarcerated and is a representative member of that proposed class.

On June 29, 1999, Judge Deborah Dowling, Supreme Court, Kings County, sentenced plaintiff Morales to a determinate four-year prison term upon his plea of guilty to Attempted Robbery in the Second Degree under Indictment No. 2808/99 and a concurrent one-to-three-year prison term for violating probation in another case. There was no discussion of post-release supervision during plea

negotiations. Judge Dowling did not mention post-release supervision during the plea or at the sentencing. Judge Dowling did not sentence plaintiff Morales to any period of post-release supervision. The sentencing commitment sheet does not include a period of post-release supervision. Morales Decl. and Exhs. A, B, C.

However, at some time after his court imposed sentence and prior to his release from DOCS custody, DOCS administratively imposed a five-year period of post-release supervision on plaintiff Morales. Plaintiff Morales only learned of this addition to his sentence shortly before his release from prison in August 2002. Plaintiff Morales's post-release supervision period does not expire until August 28, 2008, at the earliest. Morales Decl. Exh. C.

Since plaintiff Morales's completion of his court imposed sentence, he has been incarcerated twice solely for alleged violations of the terms and conditions of his post-release supervision. Plaintiff Morales' first alleged violation caused him to be incarcerated for approximately four months from mid-January, 2007 to May 22, 2007. As a result of said incarceration, plaintiff Morales missed the birth of his daughter Harmoney Morales on April 11, 2007.

Most recently on April 1, 2008, plaintiff Morales was incarcerated again solely for an alleged violation of the terms and conditions of his post-release supervision. Plaintiff Morales is presently incarcerated on Rikers Island Correctional Facility. If plaintiff Morales remains incarcerated, he will miss, *for the second time*, the birth of his child, as his wife is pregnant and due on May 2, 2008. He will also miss his daughter Harmoney's first birthday on Friday, April 11, 2008.

The Legal Aid Society has filed a petition for writ of habeas corpus on plaintiff Morales' behalf in Supreme Court, Bronx County. However, his Legal Aid attorneys have advised him that the defendants have two weeks to respond to the petition and it may be several weeks before the court issues a decision. During that interval, plaintiff Morales will remain incarcerated and kept apart from his pregnant wife and one year-old daughter. Morales Decl.

## ARGUMENT

To obtain a temporary restraining order or preliminary injunction, a moving party generally must show "'(a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficient serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief.'" International Dairy Foods Ass'n v. Amestoy, 92 F.3d 67, 70 (2d Cir. 1996) (preliminary injunction) (quoting Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc., 596 F.2d 70, 72 (2d Cir. 1979)). See also Romer v. Green Point Savings Bank, 27 F.3d 12, 16 (2d Cir. 1994) (temporary restraining order). Where, as here, there is a request to enjoin "government action taken in the public interest pursuant to a statutory . . . scheme," the movant "must satisfy the more rigorous 'likelihood of success prong.'" Id. (quoting Able v. United States, 44 F.3d 128, 131-32 (2d Cir. 1995)). Plaintiffs easily meet these standards.

## I

## PLAINTIFFS ARE LIKELY TO SUCCEED ON THE MERITS

More than 70 years ago, the Supreme Court declared that only a judge may impose a sentence on an individual convicted of a crime. Hill v. United States ex rel. Wampler, 298 U.S. 460 (1936). A federal district court judge had sentenced Wampler to concurrent 18-month prison terms and a $5,000 fine for income tax evasion and fraud. Id. at 461. Pursuant to local practice, the clerk of the court added the condition that Wampler remain incarcerated until his fine was paid. Id. at 462. The Supreme Court invalidated that condition. Writing for a unanimous Court, Justice Cardozo declared that "[t]he only sentence known to the law is the sentence or judgment entered upon the records of the court." Id. at 464.

Seventy years later, in June 2006, the Second Circuit reaffirmed that "basic principle of criminal sentencing." Earley v. Murray, 451 F.3d 71, 74 (2d Cir. 2006). Earley had pleaded guilty to Attempted Burglary in the Second Degree . Id. at 73. The sentencing judge had imposed the sentence promised to Earley by the prosecutor: a determinate six-year prison term. Id. There was no mention of post-release

supervision during plea bargain discussions, at sentencing, or in the commitment order. Id. Nonetheless, DOCS administratively imposed a five-year period of post-release supervision on Earley. Id. The Second Circuit declared DOCS's addition to Earley's sentence null and void and in violation of his rights under the Due Process Clause of the United States Constitution. Id. at 75-76. Writing for a unanimous panel, Chief Judge Walker stated: "The only cognizable sentence is the one imposed by the judge. Any alterations to that sentence, unless made by a judge in a subsequent proceeding, is of no effect." Id. at 75. Chief Judge Walker further observed: "If, as in Wampler, an erroneous order of commitment prepared by the clerk of court with the court's knowledge cannot alter the sentence imposed by the court, then plainly a later addition to the sentence by an employee of the executive branch cannot do it." Id.

Two months later, in August 2006, the Second Circuit denied rehearing. Earley v. Murray, 462 F.3d 147 (2d Cir. 2006). Writing again for the panel, Chief Judge Walker stated that "we adhere to our view that the inclusion of a five-year period of [post-release supervision] in Earley's sentence when that [term] was not included in the sentence imposed at Earley's sentencing hearing violated his rights under the Due Process Clause of the United States Constitution." Id. at 148. Ten months later, in June 2007, the Supreme Court denied review. 127 S. Ct. 3014 (2007).

In short, it is "clearly established" law that the Due Process Clause of the United States Constitution bars DOCS from administratively imposing post-release supervision on felony offenders sentenced to determinate prison terms without post-release supervision. Earley v. Murray, 451 F.3d at 76. Plaintiffs thus are not only likely but also certain to succeed on the merits in this litigation.

II

**PLAINTIFFS WILL SUFFER IRREPARABLE HARM IF DEFENDANTS ARE NOT ENJOINED**

Absent a temporary restraining order and preliminary injunction, plaintiff Morales and others similarly situated will suffer irreparable harm. Indeed, plaintiff Morales is already suffering such harm inasmuch as he not only remains subject to administratively imposed post-release supervision but also has been re-incarcerated for allegedly violating the terms and conditions of his post-release supervision, in clear violation of his rights under the Due Process Clause of the United States Constitution. (See I supra.)

Plaintiff Morales has no adequate remedy at law. Monetary damages cannot fully compensate him for the harm that he has previously suffered and harm that is imminent -- the loss of the most precious moments of his life, to wit: the birth of his children. Plaintiff Morales continues to suffer harm that has no adequate remedy at law – his unlawful imprisonment and its consequences including separation from his family, embarrassment, fear, humiliation, loss of privacy, mental anguish, and deprivation of his clearly established constitutional rights. "The loss of [personal] freedoms [guaranteed by the United States Constitution], for even minimal periods of time, unquestionably constitutes irreparable injury." Elrod v. Burns, 427 U.S. 347, 373 (1976). See also Jolly v. Coughlin, 76 F.3d 468, 482 (2d Cir. 1996) (irreparable harm found where plaintiff, confined in medical keeplock for refusing to submit to medical testing due to religious beliefs, alleged First and Eighth Amendment violations); Paulsen v. County of Nassau, 925 F.2d 65, 68 (2d Cir. 1991) ("Since prohibitions on leafleting and dissemination of religious views contravenes core First Amendment values," irreparable harm necessarily established); Mitchell v. Cuomo, 748 F.2d 804, 806 (2d Cir. 1984) (irreparable harm found where plaintiff alleged Eighth Amendment violation due to prison overcrowding).

That the Legal Aid Society has filed a petition for a writ of habeas corpus on behalf of plaintiff Morales in state court does not affect the analysis here: "in deciding whether a federal plaintiff has an available remedy at law that would make injunctive relief unavailable, federal courts may consider only

the available federal legal remedies." United States v. State of New York, 708 F.2d 92, 93 (2d Cir. 1983) (per curiam), cert. denied, 466 U.S. 936 (1984) (emphasis in original). In any event, plaintiff Morales's Legal Aid attorneys have told him that it may be several weeks before the court issues a decision on his petition.

The Legal Aid Society, of course, only represents indigent defendants in the Metropolitan New York City area. There are doubtless many potential class members detained in correctional facilities in rural parts of New York State that have very limited access to legal representation and therefore remain unable to petition the court for their release.

## CONCLUSION

For the reasons set forth above, plaintiffs' motion for a temporary restraining order and preliminary injunction should be granted.

Dated: April 9, 2008

LEVENTHAL & KLEIN, LLP.
Attorneys for Plaintiffs
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100

By: ______________________
BRETT H. KLEIN