UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x

CAMILLE SMITH, JERRY PROVINCE, SAMUEL        :
RAMOS, AND JOSE MORALES, suing on behalf     :
of themselves and all others similarly situated,   :
                                             :
                    Plaintiffs,              :          08 Civ. 3313 (SHS)
                                             :
          -against-                          :
                                             :          **DECLARATION OF**
DAVID PATERSON; BRIAN FISCHER; GLENN         :          **JOSE MORALES**
GOORD; RICHARD DeSIMONE; and JOHN DOES,      :
Nos. 1-150 (members of the New York State Department  :
of Correctional Services whose names are presently  :
unknown to plaintiff),                       :
                                             :
                    Defendants.              :
                                             :
-----------------------------------------------------------------------x

JOSE MORALES, pursuant to 28 U.S.C. § 1746, declares as follows:

I am a named plaintiff in this action. I make this declaration in support of plaintiffs'

motion for a temporary restraining order and preliminary injunction.

On June 29, 1999, Judge Deborah Dowling, Supreme Court, Kings County, sentenced me

to a determinate four-year prison term upon my plea of guilty to Attempted Robbery in the 2nd

Degree on Indictment No. 2808/99 and a concurrent one-to-three year prison term of

imprisonment for violating probation on Indictment No. 4804/98. There was no discussion of

post-release supervision during plea negotiations. Judge Dowling did not mention post-release

supervision during my plea or at my sentencing and did not sentence me to any period of post-

release supervision. My sentencing commitment sheet does not include a period of post-release

supervision. Attached as Exhibits A, B, and C are copies of the plea minutes, sentencing minutes

and the sentencing commitment sheet.

1

At some time after Judge Dowling's sentence, the New York State Department of Correctional Services ("DOCS") administratively imposed a five-year period of post-release supervision on me. I first heard of the period of post-release supervision shortly before my release from prison on or about August 24, 2002.

Since completing my court imposed sentence, I have been incarcerated twice for alleged violations of the terms and conditions of my administratively imposed post-release supervision. From mid-January, 2007 to May 22, 2007 I was incarcerated solely for a violation of said post release supervision and missed the birth of my daughter Harmoney Morales on April 11, 2007.

On April 1, 2008, I was again incarcerated solely for an alleged violation of said post release supervision and am presently incarcerated at Rikers Island Correctional Facility.

Attached as Exhibit D is a copy of my "inmate information" downloaded from the DOCS website, stating that my post-release supervision does not expire until August 28, 2008 (at the earliest).

The Legal Aid Society has filed a petition for writ of habeas corpus on my behalf in Supreme Court, Bronx County. I was seen in "writ court" on Rikers Island today, April 9, 2008, and my petition was adjourned until April 30, 2008. My Legal Aid attorney told me that the defendants have two weeks to file a response and it will be several weeks before the court decides my petition.

I am presently married to April Morales. We have a daughter, Harmoney Morales, who will be celebrating her first birthday on Friday, April 11, 2008. My wife is pregnant with our second child and she is due to give birth on May 2, 2008. My wife told me that her doctor told her that she is beginning to dilate and that she must stay off her feet as much as possible.

2

I declare under penalty of perjury that the foregoing is true and correct with respect to factual matters within my actual knowledge.

Executed in Queens, New York, this _9th_ day of April 2008

JOSE MORALES

# EXHIBIT A

1    SUPREME COURT OF THE STATE OF NEW YORK

2    COUNTY OF KINGS : CRIMINAL TERM : PART 19

3    ----------------------------------------x

4    THE PEOPLE OF THE STATE OF NEW YORK    :    Indictment Nos.
                                                  2808/99
5                      -against-                :  4804/98

6    JOSE MORALES,                            :

7                              Defendant    :
                                                  Sentence
8    ----------------------------------------x
                         360 Adams Street
9                        Brooklyn, New York

10                       July 16, 1999

11

12   BEFORE:          HONORABLE DEBORAH A. DOWLING, Justice

13   APPEARANCES:

14   For the People:
                      CHARLES J. HYNES, ESQ.
15                    District Attorney, Kings County
                      BY:   GERRIANNE ABRIANO, ESQ.
16                        Assistant District Attorney

17

18   For the Defendant:
                      MARGARET BAKER, ESQ.
19

20
     Also Present:
21                    PROBATION OFFICER JACINTA BROWN

22

23                            Frances Napoli
                              Senior Court Reporter
24

25


                         FN

Proceedings                                              2

1          THE CLERK:  Number 16, 2808 of '99, Jose

2     Morales.  Present.

3          MS. BAKER:  Legal Aid Society, by Margaret

4     Baker for Mr. Morales.

5          THE CLERK:  Also on the violation of

6     probation calendar, 4804 of '98.

7          MS. BROWN:  Probation Officer Jacinta Brown.

8          I have specs for the Court and a copy for

9     counsel.

10          (Handing)

11          THE COURT:  He pled guilty to specification

12     one with the Court's promised sentence being one to

13     three years incarceration and the defendant's

14     probation would be terminated and time would run

15     concurrently.

16          Have all parties had an opportunity to

17     review the presentence report?

18          MS. ABRIANO:  Yes, Judge.

19          MS. BAKER:  Yes, your Honor.

20          MS. ABRIANO:  People are requesting a final

21     order of protection.

22          THE COURT:  Anything you wish to say,

23     Ms. Baker, or anything you client, Mr. Morales,

24     wishes to say at this time?

25          MS. BAKER:  I'll rely on the promised

Proceedings                                     3

1    sentence, your Honor.

2            THE COURT:  Mr. Morales, again, for the

3    record, you understand English; is that correct?

4            THE DEFENDANT:  Yes.

5            THE COURT:  Mr. Morales, you will be

6    sentenced to the agreed upon promised sentence of

7    four years incarceration.

8            THE CLERK:  I don't think he was arraigned a

9    predicate.

10           THE COURT:  Defendant was adjudicated a

11   second felony offender the last time the case was on.

12           THE CLERK:  In reference to 2808 of '99, the

13   sentence is four years.

14           THE COURT:  Incarceration.  And that

15   sentence will run concurrently with Indictment Number

16   4804 of '98, which a violation of probation.

17           THE CLERK:  The sentence on that case, Judge

18   would be --

19           THE COURT:  You're sentenced, Mr. Morales,

20   to the agreed upon promised sentence of one to three

21   years incarceration and that will run concurrently

22   with your sentence under Indictment Number 2808 of

23   '99.  And your probation is revoked.

24           I would also have to impose a mandatory

25   surcharge on your current case of $150 and five

                        FN

Proceedings                                                                          4

1       dollars for the crime victim assistance fee for the

2       total of $155 and that will be taken out of inmate

3       funds.

4               Again, the Court will, in fact, sign a full

5       stay away order of protection in this matter.

6               Do you understand that?

7               THE DEFENDANT:  Yes.

8               THE COURT:  The defendant's probation will

9       be unfavorably revoked as a result of the violation.

10              *               *               *

11              The foregoing is certified to be a true and

12       correct transcript of the proceedings, as taken by:

13

14

15       _____

16              Official Court Reporter

17

18

19

20

21

22

23

24

25

# EXHIBIT B

1

1    COURT SUPREME OF THE STATE OF NEW YORK

2    COUNTY OF KINGS:   CRIMINAL TERM : PART

3    -------------------------------------------------------X

     THE PEOPLE OF THE STATE OF NEW YORK

4                          - against -

5    JOSE MORALES,

6                                           Defendant.

7    -------------------------------------------------------X

     Indict   #2808/99
8    VOP      #4804/98
                                   360 Adams Street
9                                  Brooklyn, New York
                                   June 29, 1999

10   B E F O R E :   HONORABLE DEBORAH DOWLING

11                                       Justice

12

     A P P E A R A N C E S :
13

14             CHARLES J. HYNES, ESQ.
               DISTRICT ATTORNEY - KINGS COUNTY
15                  for the People
               BY:   GERIANNE ABRIANO, ESQ.
16                  Assistant District Attorney

17

               MARGARET BAKER, ESQ.
18             Attorney for the Defendant

19

                         Margaret Breitfeller, RPR
20                       Official Court Reporter

21

22

23

24

25

Proceedings                                    2

1

2              COURT CLERK:   This is number 20

3      and also number 24, Indictment 2808 of '99,

4      the defendant, Jose Morales and VOP

5      Indictment #4804/98.

6              MS. BAKER:   Margaret Baker for Mr.

7      Morales.

8              MS. ABRIANO:   Judge, I do have

9      also an offer that's being related to the

10     defendant today only.

11             THE COURT:   Just a moment.  I

12     thought there should also be a decision on

13     the Grand Jury minutes.

14             Do we have it?

15             COURT CLERK:   Wait a second.

16             THE COURT:   The Court is serving a

17     copy of its decision on both sides and also

18     returning the Grand Jury minutes to the

19     People.

20             MS. ABRIANO:   The offer has been

21     five years.  We're willing to offer the

22     defendant today only four years on a plea to

23     attempt rob, in the second degree.  After

24     today, the offer is withdrawn and --

25             MS. BAKER:   Your Honor, could we

Proceedings                    3

1      approach briefly?

2                THE COURT:   Certainly.

3                (Discussion held at the bench, off

4           the record.)

5                (The discussion off the record

6           concluded, and the following occurred in

7           open court:)

8                MS. BAKER:   Thank you.

9                Your Honor, I spoke to Mr. Morales

10     about the People's offer and about the bench

11     conference we just had.  It is my

12     understanding he is interested in the four

13     years.

14                It also my understanding that Your

15     Honor will give him concurrent time or

16     terminate probation.

17                Let me just say this, he will not

18     do additional time on top of four years.

19                THE COURT:   That's correct.

20                MS. BAKER:   At this time

21     Mr. Morales has authorized me to enter a plea

22     of guilty on his behalf to attempted robbery

23     in the second degree, a class D felony, upon

24     the promised sentence of four years.

25                COURT CLERK:   He's a predicate,

Proceedings                        4

1        right?

2                    MS. BAKER:   Yes.

3                    COURT CLERK:    Thank you.

4                    THE COURT:   Mr. Morales, do you

5        understand English, sir?

6                    THE DEFENDANT:   Yes.

7                    THE COURT:   Do you have any

8        questions or doubt in your mind about your

9        case?

10                   The time to get them answered is

11       before you decide to go through with this

12       guilty plea.  Once you inter this guilty plea

13       it becomes final and binding. You will not be

14       in a position to come back to this court on

15       any other date to say you are not guilty or

16       you want to take back the guilty plea.  Is

17       that understood by you?

18                   THE DEFENDANT:   Yes.

19                   COURT CLERK:   First just raise

20       your right hand.

21    J O S E   M O R A L E S,

22    the defendant herein, called as a witness, having been first

23    duly sworn, testified as follows:

24                   COURT CLERK:    Put your hand down.

25                   Your name is Jose Morales, is that

Proceedings                    5

1        right?

2                    THE DEFENDANT:   Yes.

3                    COURT CLERK:    There is waiver

4        there for him.  That is a waiver of appeal,

5        counsel.

6                    (Whereupon, a discussion was held

7        off the record with attorney and defendant.)

8                    MS. BAKER:   I explained the waiver

9        to Mr. Morales.  He has executed it.

10                    THE COURT:   Mr. Morales,

11        certainly, as a defendant the right to appeal

12        is an important right that every defendant

13        has and that would include you, sir.

14                    Certainly, as to that right to

15        appeal, you are signing a waiver of that

16        right to appeal.  And the form that you sign

17        indicates that you have been advised of your

18        right to take an appeal and to prosecute the

19        appeal as a poor person and to have an

20        attorney assigned to you in the event you are

21        unable to afford an attorney, sir, and have

22        that attorney submit a brief and argue before

23        any Appellate court on any issues relating to

24        your conviction and sentence, other than that

25        sentence on the negotiated pleas, that they

Proceedings                          6

1    were harsh or excessive.

2              Have you had an opportunity to go

3    over this form with your attorney and discuss

4    it, sir?

5              THE DEFENDANT:   Yes.

6              THE COURT:   After going over this

7    form, sir, it is your decision to sign that

8    waiver of your right to appeal, that you are

9    giving up your right to appeal on this case,

10   sir?

11             THE DEFENDANT:   Yes.

12             THE COURT:   You are doing that of

13   your own free will?

14             THE DEFENDANT:   Yes.

15             THE COURT:   Again, you should be

16   made aware there will be no appeal from the

17   plea and sentence.

18             Do you understand that?

19             THE DEFENDANT:   Yes.

20             THE COURT:   Mr. Morales, again, as

21   I said, if you have any questions or doubts

22   about the case, you have to get them answered

23   before you decide to go through with the

24   guilty plea.

25             Mr. Morales, I will be asking you a

Proceedings                                    7

1    series of questions.  If you don't understand

2    my questions, you'll let me know and I'll

3    rephrase them in such a way that you will be

4    able to understand them or if you feel the

5    need to speak to your attorney during the

6    course of my questions to you, you let me

7    know and I'll give you the opportunity to

8    speak to your attorney, sir.

9              Do you understand that?

10             THE DEFENDANT:   Yes.

11             THE COURT:   How old are you?

12             THE DEFENDANT:    Twenty-one.

13             THE COURT:   Do you understand

14   English, sir?

15             THE DEFENDANT:   Yes.

16             THE COURT:   What was the last

17   grade you completed in school?

18             THE DEFENDANT:   Nine.

19             THE COURT:   Before your arrest,

20   were you working, sir?

21             THE DEFENDANT:   No.

22             THE COURT:   As you stand here

23   today, do you feel in good physical and

24   mental health, Mr. Morales?

25             THE DEFENDANT:   Yes.

Proceedings                    8

1          THE COURT:   Have you taken any

2     drugs, alcohol or medication within the last

3     24 hours?

4          THE DEFENDANT:   No.

5          THE COURT:   Have you ever been

6     treated or confined to any hospital for any

7     mental illness or disorder, Mr. Morales?

8          THE DEFENDANT:   No.

9          THE COURT:   After discussing this

10    matter with your attorney, it is your

11    decision to go through with this guilty plea

12    sir, to this D felony, which is a crime, sir?

13         THE DEFENDANT:   Yes.

14         THE COURT:   Are you satisfied with

15    the way in which your attorney has

16    represented you on this case, Mr. Morales?

17         THE DEFENDANT:   Yes.

18         THE COURT:   Mr. Morales, as a

19    defendant you would be giving up certain

20    valuable rights you have in exchange for

21    entering this guilty plea today.  Those

22    rights that you would be giving up would

23    include your right to have a trial by jury,

24    sir. You would be giving up that valuable

25    right in exchange for entering this guilty

Proceedings                          9

1      plea.

2                  Do you wish to give up that

3      valuable right, Mr. Morales?

4                  THE DEFENDANT:    Yes.

5                  THE COURT:    It is understood also

6      you'd be giving up the right to have your

7      attorney cross-examine any witnesses that

8      might be called by the District Attorney's

9      office and to call witnesses that might

10     testify on your behalf, which is a valuable

11     right.

12                 Do you wish to give up that right

13     in exchange for entering this guilty plea?

14                 THE DEFENDANT:    Yes.

15                 THE COURT:    You'd also be giving

16     up your right to remain silent.

17                 Mr. Morales, as a defendant if you

18     wanted to have a trial before this Court, you

19     would have a right to have a trial and not

20     testify at your trial, okay.

21                 By entering this guilty plea, you

22     would be giving up that right to remain

23     silent in exchange for entering this guilty

24     plea.

25                 Do you wish to give up that

Proceedings                          10

1   valuable right, sir?

2                 THE DEFENDANT:   Yes.

3                 THE COURT:   You'd also be giving

4   up the right to have the People prove your

5   guilt beyond a reasonable doubt.

6                 Do you wish to give up that right,

7   sir?

8                 THE DEFENDANT:   Yes.

9                 THE COURT:   Mr. Morales,

10  understand that by entering this guilty plea,

11  it would have the same force and affect as

12  though you had a trial before a jury and were

13  convicted after the trial.

14                Do you understand that, sir?

15                THE DEFENDANT:   Yes.

16                THE COURT:   Mr. Morales, has

17  anyone threated you or forced you or coerced

18  you in any way, sir, in order to make you

19  enter in to this guilty plea, sir?

20                THE DEFENDANT:   No.

21                THE COURT:   You are entering this

22  guilty plea of your own free will, sir, is

23  that correct?

24                THE DEFENDANT:   Yes.

25                THE COURT:   Are you currently on

Proceedings                              11

1    probation or parole?

2              THE DEFENDANT:   Yes.

3              THE COURT:   I am aware that as

4    part of the violation of probation that you

5    had before me under Indictment 4804 of '98,

6    it will be the Court's position to have the

7    defendant probably enter a guilty plea to one

8    of the specifications and I will be inclined

9    to sentence him to one to three years to run

10   concurrent with Indictment number 2808 of

11   '99.

12             MS. BAKER:   That is understood,

13   Your Honor.

14             THE COURT:   Certainly, I will say

15   to you, other than the promises that I have

16   just made to you, that being that you would

17   be sentenced to four years of incarceration

18   on Indictment 2808 of '99 and being sentenced

19   to a violation of probation under Indictment

20   4804 of '98 of one to three years, that time

21   to run concurrent, has any other promises

22   been made to you in regards to your case,

23   sir?

24             THE DEFENDANT:   No.

25             THE COURT:   No.

Proceedings                              12

1        Mr. Morales, you are going to tell

2   me what happened April 1st, 1999 at

3   approximately 12:50 a.m at Glenwood Avenue

4   and East 34th Street in Kings County in

5   Brooklyn, sir.

6            Mr. Morales.

7            THE DEFENDANT:   Um, I approached

8   Rozine (ph).

9            THE COURT:   You have to keep your

10  voice up.

11           THE DEFENDANT:   I approached

12  Rozine and asked him to remove his CD player

13  and took his wallet and told him to take off

14  his jacket.

15           THE COURT:   At the time that you

16  asked for that property, you knew that you

17  had no right to remove that property from

18  that individual, is that correct, sir?

19           THE DEFENDANT:   Yes.

20           THE COURT:   Did you threaten to

21  use any force or attempt to use any force in

22  order to get him to remove that property?

23           THE DEFENDANT:   No.

24           THE COURT:   Did you display

25  anything, sir, or what did you tell him?

Proceedings                    13

1            THE DEFENDANT:   Can I speak with

2    my lawyer?

3            THE COURT:   Certainly.

4            (Whereupon, a discussion was held

5    off the record with defendant and attorney.)

6            MS. BAKER:   He's ready to proceed,

7    Your Honor.  I believe that he is pleading to

8    robbery in the second degree acting in

9    concert and there were other individuals

10   there.  I have discussed that with him.  He

11   is prepared to proceed.

12           THE COURT:   Certainly.

13           Were there other individuals with

14   you at that time, sir?

15           THE DEFENDANT:   Yes.

16           THE COURT:   Did anyone else during

17   the course of that incident either threaten

18   to use force against the complaining witness?

19           THE DEFENDANT:   Yes.

20           THE COURT:   Do you know what they

21   said to the individual or if they displayed

22   any weapons?

23           THE DEFENDANT:   They made a

24   gesture like, don't shoot.

25           (Indicating.)

Proceedings                              14

1               MS. BAKER:   They made a gesture as

2        if reaching for a weapon.

3               THE COURT:   I need to hear that

4        from the --

5               THE DEFENDANT:   They made a

6        gesture as if don't shoot him. That is what

7        they said, don't shoot him.

8               THE COURT:   Okay.  Well, did the

9        individuals that you were with indicate that

10       they had a weapon to shoot the complaining

11       witness which would have caused him to say,

12       don't shoot?

13              THE DEFENDANT:   Yeah.  Yes.

14              THE COURT:   Okay.

15              How did they simulate that, if you

16       know?

17              THE DEFENDANT:   Opening the

18       jacket.

19              THE COURT:   Is that acceptable to

20       the People?

21              MS. ABRIANO:   Yes.

22              THE COURT:   Are you guilty, sir?

23              THE DEFENDANT:   Yes.

24              THE COURT:   Of attempted robbery

25       in the second degree, Mr. Morales?

Proceedings                                    15

1          THE DEFENDANT:   Yes.

2          THE COURT:   Is there any doubt in

3    your mind as to whether, in fact, you wish to

4    go forward with this guilty plea?

5          THE DEFENDANT:   No.

6          THE COURT:   Certainly, as I have

7    indicated to you, Mr. Morales, the statements

8    that you've made to me have all been under

9    oath.  You do understand the seriousness of

10   an oath, is that correct, sir?

11         THE DEFENDANT:   Yes.

12         THE COURT:   If you have lied to me

13   in any of the answers you have given to me in

14   response to my questions that will not be

15   reason to come back and take back the guilty

16   plea today.

17              Certainly, the only way you will be

18   permitted to take back the guilty plea that

19   you entered today is if the Department of

20   Probation finds there is something in your

21   background they believe due to what they

22   discovered, you should not be entitled to the

23   four years incarceration, that you should be

24   sentenced to a greater amount of time.  Under

25   those circumstances, if I cannot keep my

Proceedings                                    16

1   promised sentence to you of four years

2   incarceration, I am going to allow you to

3   take back your guilty plea.

4           I will not allow you to take it

5   back you if you come back in to court and

6   say: You know what, I am not guilty or I just

7   changed my mind, I don't want to go through

8   with it.

9           It is going to be too late to raise

10  those issues on any other date.

11          Is that understood by you, sir?

12          THE DEFENDANT:   Yes.

13          THE COURT:   Are you a citizen of

14  the United States?

15          THE DEFENDANT:   Yes.

16          THE COURT:   Certainly, the Court

17  is satisfied that the defendant understands

18  the nature of the charges and the nature of

19  the plea that he has entered on this case, is

20  willing to assume the responsibility for his

21  guilt in this matter.

22          The Court believes it's in the

23  interest of justice to accept this plea from

24  the defendant.

25          COURT CLERK:   Your name once again

Proceedings

17

1    is Jose Morales, right?

2                    THE DEFENDANT:    Yes.

3                    COURT CLERK:    Ms. Baker is your

4    lawyer?

5                    THE DEFENDANT:    Yes.

6                    COURT CLERK:    Before accepting

7    your plea of guilty to a felony, you are

8    advised if you have previously been convicted

9    or been sentenced for a prior felony as

10   defined in the Penal Law, that fact may be

11   established and then you may be subjected to

12   different or additional punishment.

13                   After being advised of this, do you

14   now want to withdraw your not guilty plea,

15   which you have entered up until today to

16   Indictment 2808 of 1999 and now at this time

17   to plead guilty to the crime of attempted

18   robbery in the second degree, which is a

19   felony, in full satisfaction of that

20   indictment?  Is that what you want to do

21   today is plead guilty?

22                   THE DEFENDANT:    Yes.

23                   COURT CLERK:    Now at this time the

24   District Attorney of Kings County has filed a

25   statement with the Court alleging that you,

Proceedings                                    18

1    Jose Morales, have previously been convicted

2    and been sentenced for a prior felony and

3    that in accordance with the Criminal

4    Procedure Law Section 400, you may be a

5    second felony offender.

6              Have you received a copy of that

7    statement?

8              THE DEFENDANT:   Yes.

9              COURT CLERK:   Have you looked it

10   over and discussed it with your attorney?

11             THE DEFENDANT:   Yes.

12             COURT CLERK:   The statement says

13   that you, Jose Morales, were convicted of the

14   crime of attempted criminal sale of a

15   controlled substance in the third degree, a

16   felony in Kings County under Indictment 4804

17   of 1998 and sentenced for that crime on

18   August 14 of 1998.

19             Now, Mr. Morales, you may admit,

20   deny or stand mute as to being the person

21   named on that statement.

22             You also have the right to contest

23   any of the allegations made against you on

24   that statement.

25             If you do contest any, you may be

Proceedings                     19

1    entitled to a hearing before this Court

2    without a jury.

3            Now do you admit that you are the

4    person on that statement?

5            THE DEFENDANT:   Yes.

6            COURT CLERK:   Do you want to

7    contest any allegations made against you on

8    that statement?

9            THE DEFENDANT:   No.

10           COURT CLERK:   Are you raising any

11   objection at all to that previous conviction

12   listed there that is obtained in violation of

13   any of your constitutional rights?

14           THE DEFENDANT:   No.

15           COURT CLERK:   The defendant has no

16   objections to the predicate statement.

17           THE COURT:   Also, the issue of the

18   violation of probation.

19           Certainly, you have been served

20   with a copy of specifications by the

21   Department of Probation, specification number

22   one.

23           MS. BAKER:   I apologize, Your

24   Honor, I actually haven't been served with

25   them.   I believe it is the first day it has

Proceedings                    20

1    been on.

2                    THE COURT:    I'll give you an

3    opportunity to review it, Ms. Baker.

4                    (Document given to the attorney.)

5                    THE COURT:    Certainly, it will

6    indicate that the defendant has failed to

7    lead a law-abiding life in that he was

8    arrested under Indictment 2808 of '99, which

9    violates his probation.

10                    MS. BAKER:    Thank you.

11                    THE COURT:    Certainly, as a

12    defendant you would have a right to have a

13    hearing on the issue of the violation of

14    probation.

15                    If you chose to go the route of

16    having a hearing, I feel obligated to tell

17    you that, certainly, or you can admit that,

18    in fact, based upon the guilty plea that you

19    just entered that, in fact, you have failed

20    to lead a law-abiding life.  You were

21    arrested and are guilty of attempted robbery

22    in the second degree.

23                    Again, as I said, by admitting that

24    you would be admitting you are in violation

25    of your probation.

Proceedings                          21

1            THE DEFENDANT:   I understand.

2            MS. BAKER:   I think we're prepared

3    to go forward today with that, Your Honor.

4            THE COURT:   Are you entering a

5    plea of guilty to a violation of

6    specification number one?

7            THE DEFENDANT:   Yes.

8            THE COURT:   Which is that you

9    failed to lead a law-abiding life, is that

10   correct, sir?

11           THE DEFENDANT:   Yes.

12           THE COURT:   You are asking to be

13   sentenced on that as well?

14           THE DEFENDANT:   Yes.

15           THE COURT:   Certainly, I will say

16   to you that on the date you return to court

17   to be sentenced, it is the Court's intention

18   to sentence you to one to three years of

19   incarceration on the violation of probation.

20   Certainly, at that point it would revoke your

21   probation and it would be terminated.

22           COURT CLERK:   Judge, he is ajudged

23   a second felony offender?

24           THE COURT:   Yes.

25           COURT CLERK:   He'll be remanded on

Proceedings                               22

1    each case, Judge?

2              THE COURT:   That's correct.

3              On the date when you return to

4    court, you will be sentenced on each case and

5    the time will return concurrently.  The

6    violation of probation should not add any

7    additional time to your jail sentence of four

8    years.

9              Also, at that time on the new

10   matter, which is Indictment 2808 of '99, I

11   will have to impose a mandatory surcharge.

12             COURT CLERK:   Sentencing date will

13   be July 16th.

14             MS. BAKER:   Can I have the

15   following Monday, if possible.

16             THE COURT:   Either 14th or 15th.

17             COURT CLERK:   How about the 15th?

18             MS. BAKER:   I'll stick with the

19   16th.

20             COURT CLERK:   July 16.

21             Remand on each case.  Here's his

22   papers.

23

24

25

Proceedings                                    23

## REPORTER'S CERTIFICATION

I hereby certify that the foregoing is a
true and accurate transcript of the
proceedings.

MARGARET BREITFELLER, RPR
Official Court Reporter

24

1

                        Margaret Breitfeller, RPR
                          Official Court Reporter
2                       New York State Supreme Court
                        360 Adams Street - Room 627-A
3                         Brooklyn, New York 11201
                              347-296-1398
4                         SS # 143.58.1459

5    May 30, 2007

6    To:

7    JOSE MORALES

8
     Attention:  JOSE MORALES
9
     TITLE OF ACTION:   PEOPLE-V-JOSE MORALES
10   INDEX CASE NO:     INDICTMENTS #2808/99 AND 4804/98

11   DATE OF PROCEEDING:  June 29, 1999

12   PAGES:   22 PAGES - IMMEDIATE COPY

13          For transciprt of testimony in the above-entitled
     case.  The original certified copy of the transcript will be
14   filed with the Clerk of the Court upon receipt of check.

15   The amount below represents your cost of the transcript.

16      Total Due and owing: $143.00

17                        ***Thank You***

18

19

20

21

22

23

24

25

EXHIBIT C

NEW YORK STATE SUPREME COURT
Sentence and Order of Commitment    Kings County, Criminal Term

99A4356
99A4356

The People of the State of New York
vs

JOSE MORALES

Defendant

☐ S.C.I.
Indictment No. 2808-99

Date 7-16-99    Part 9

Justice Dowling

Court Reporter Napoli

| | |
|---|---|
| M | |
| Sex | D.O.B. 11-6-77 | NYSID 83.04.6282 |

The defendant having been convicted of the crime/s of:
☐ Adjudicated a Youthful Offender

it is the Judgment of the Court that the defendant is hereby sentenced to a term of imprisonment:

| CRIME | No. of Counts | Counts are to run Concur. | Counts are to run Consec. | Indeterminate Minimum Years | Indeterminate Maximum Years | ☒ Determinate ☐ Definite (Specify: days, mos. or yrs) |
|---|---|---|---|---|---|---|
| att ROB 2° | 1 | ☐ | ☐ | | | 4 YRS |
| 2. | | ☐ | ☐ | | | |
| 3. | | ☐ | ☐ | | | |
| 4. | | ☐ | ☐ | | | |
| 5. | | ☐ | ☐ | | | |

The sentence on all Crimes is to run CONCURRENTLY unless otherwise indicated:

Crimes numbered _____ shall run CONSECUTIVELY.

☐ Sentenced to Parole Supervision (410.91 CPL)    ☐ Designated a SEX OFFENDER

As a: ☒ Second Felony Offender    ☐ Second Violent Felony Offender    ☐ Persistent Felony Offender
☐ Persistent Violent Felony Offender    ☐ Probation Violator

And ☐ JUVENILE OFFENDER - Crime date_____ Must be housed in a secure facility of NYS Office of Children and Family Services.

☐ Pay a fine of $_____ from inmate funds or serve a term of _____ days.

☒ Pay a Mandatory Surcharge of $ 150 _____ from inmate funds.

☒ Pay a Crime Victim Fee of $ 5.00 _____ from inmate funds.

This sentence shall run: CONCURRENTLY with 4804-98

CONSECUTIVELY to _____

The defendant is hereby committed to the custody of the New York City Department of Correction to be delivered to and incarcerated in the appropriate correctional facility until released according to law.

REMARKS: No Weapon

Commitment & Probation Report Rec'd by NYC Dept. of Correction

_____
Correction Officer
7371
Shield No.

Type of drug or weapon: _____

A true extract of the minutes _____ Court Clerk

# NEW YORK STATE SUPREME COURT

Sentence and Order of Commitment    King's County, Criminal Term

99A 4356

| | |
|---|---|
| The People of the State of New York<br>vs<br><br>JOSE MORALES<br>Defendant | ☐ S.C.I.<br>Indictment No. 4804·98<br>Date 7-16-55    Part 19<br>Justice Dowly<br>Court Reporter Napoli |

| Sex | D.O.B. 11·6·77 | NYSID 8.3.0.4.6.28 2 |
|---|---|---|

The defendant having been convicted of the crime/s of:
☐ Adjudicated a Youthful Offender

it is the Judgment of the Court that the defendant is hereby sentenced to a term of imprisonment:

| CRIME | No. of Counts | Counts are to run Concur. | Consec. | ☑ Indeterminate Minimum Years | Maximum Years | ☐ Determinate<br>☐ Definite<br>(Specify: days, mos. or yrs) |
|---|---|---|---|---|---|---|
| att CSCS 3° | | ☐ | ☐ | 1 | 3 | |
| 2. | | ☐ | ☐ | | | |
| 3. | | ☐ | ☐ | | | |
| 4. | | ☐ | ☐ | | | |
| 5. | | ☐ | ☐ | | | |

The sentence on all Crimes is to run CONCURRENTLY unless otherwise indicated:

Crimes numbered _____ shall run CONSECUTIVELY.

☐ Sentenced to Parole Supervision (410.91 CPL)    ☐ Designated a SEX OFFENDER

Ar a:  ☐ Second Felony Offender    ☐ Second Violent Felony Offender    ☐ Persistent Felony Offender
       ☐ Persistent Violent Felony Offender    ☑ Probation Violator

And  ☐ JUVENILE OFFENDER - Crime date _____ Must be housed in a secure facility of NYS Office of Children and Family Services.

☐ Pay a fine of $_____ from inmate funds or serve a term of _____ days.

☐ Pay a Crime Victim Fee of $ _____ from inmate funds.

This sentence shall run: CONCURRENTLY with 2808·99
CONSECUTIVELY to _____

The defendant is hereby committed to the custody of the New York City Department of Correction to be delivered to and incarcerated in the appropriate correctional facility until released according to law.

REMARKS: _____

_____

Type of drug or weapon: _____

A true extract of the minutes _____ Court Clerk

Commitment & Probation Report Rec'd by NYC Dept. of Correction
_____
Correction Officer
7321
Shield No.

**EXHIBIT D**

# Department of Correctional Services

## Inmate Information

<u>Inmate Information Data Definitions</u> are provided for most of the elements listed below. When a detailed definition is available for a specific element, you may click on the element's label to view it.

### Identifying and Location Information
### As of 04/07/08

| | |
|---|---|
| <u>**DIN (Department Identification Number)**</u> | 99A4356 |
| **Inmate Name** | MORALES, JOSE |
| **Sex** | MALE |
| **Date of Birth** | 11/06/1977 |
| <u>**Race / Ethnicity**</u> | HISPANIC |
| <u>**Custody Status**</u> | RELEASED |
| <u>**Housing Releasing Facility**</u> | WILLARD |
| <u>**Date Received (Original)**</u> | 08/09/1999 |
| <u>**Date Received (Current)**</u> | 01/29/2007 |
| <u>**Admission Type**</u> | |
| <u>**County of Commitment**</u> | KINGS |
| <u>**Latest Release Date / Type (Released Inmates Only)**</u> | 05/22/07 PAROLE DIV OF PAROLE |

### Crimes of Conviction
If all 4 <u>crime</u> fields contain data, there may be additional crimes not shown here. In this case, the crimes shown here are those with the longest sentences.
### As of 04/07/08

| Crime | Class |
|---|---|
| ATT ROBBERY 2ND | D |
| ATT CRIM SALE CONTR SUBSTANCE 3RD | C |
| | |
| | |

### Sentence Terms and Release Dates

Under certain circumstances, an inmate may be released prior to serving his or her minimum term and before the earliest release date shown for the inmate.

As of 04/07/08

| | |
|---|---|
| **Aggregate Minimum Sentence** | 003 Years, 05 Months, 02 Days |
| **Aggregate Maximum Sentence** | 004 Years, 00 Months, 00 Days |
| **Earliest Release Date** | |
| **Earliest Release Type** | |
| **Parole Hearing Date** | |
| **Parole Hearing Type** | FULL MAXIMUM |
| **Parole Eligibility Date** | 08/24/2002 |
| **Conditional Release Date** | NONE |
| **Maximum Expiration Date** | 08/28/2008 |
| **Maximum Expiration Date for Parole Supervision** | |
| **Post Release Supervision Maximum Expiration Date** | 08/28/2008 |
| **Parole Board Discharge Date** | |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x

CAMILLE SMITH, JERRY PROVINCE, SAMUEL     :
RAMOS, AND JOSE MORALES, suing on behalf   :
of themselves and all others similarly situated,   :
    :
    Plaintiffs,     :
    :
    -against-     :     08 Civ. 3313 (SHS)
    :
DAVID PATERSON; BRIAN FISCHER; GLENN   :
GOORD; RICHARD DESIMONE; and JOHN DOES,   :
Nos. 1-150 (members of the New York State Department  :
of Correctional Services whose names are presently   :
unknown to plaintiff),     :
    :
    Defendants.     :
    :
-----------------------------------------------------------------------x

# DECLARATION OF JOSE MORALES AND SUPPORTING EXHIBITS

LEVENTHAL & KLEIN, LLP.
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100

Attorneys for the Plaintiffs