UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
:
CAMILLE SMITH, JERRY PROVINCE, and :
SAMUEL RAMOS, suing on behalf of themselves :
and all others similarly situated, :
:
                          Plaintiffs, :
: 08 Civ. 3313 (SHS)
      -against- :
: OPINION & ORDER
:
DAVID PATERSON, BRIAN FISCHER, GLENN :
GOORD, RICHARD DESIMONE, and JOHN :
DOES, Nos. 1-150 (members of the New York State :
Department of Correctional Services whose names :
are presently unknown to plaintiff), :
:
                          Defendants. :
:
------------------------------------------------------------------x
SIDNEY H. STEIN, U.S. District Judge.

       This Court's Order dated April 2, 2010, (Dkt. # 16), directed plaintiffs to show cause why the complaint in this action should not be dismissed in light of the Court's Opinions and Orders dated March 31, 2010 in *Hardy v. Fischer*. In response, plaintiffs move (1) for reconsideration of this Court's *Hardy* Opinion and Order granting qualified immunity and dismissing the *Hardy* complaint and (2) for leave to file an amended complaint.

**I.    RECONSIDERATION**

      The plaintiffs in *Hardy* have also moved for reconsideration of the March 31, 2010 Opinion and Order dismissing their complaint. That motion was denied by this Court in an Opinion and Order dated November 3, 2010.

**II.    LEAVE TO AMEND THE COMPLAINT SHOULD BE DENIED**

      A.    Legal Standard

1

Plaintiffs seek leave to file an amended complaint to add new parties and expressly request disgorgement as an equitable remedy. "The court should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a). Nevertheless, the futility of the proposed amendment is a valid basis on which to deny leave to amend. *See Mackensworth v. S.S. Am. Merch.*, 28 F.3d 246, 251 (2d Cir. 1994) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

B.      Addition of New Parties

Plaintiffs seek to add new representative plaintiffs "upon whom DOCS [i.e., the Department of Correctional Services] administratively imposed PRS [i.e., post-release supervision] for the first time after the Second Circuit decided *Earley v. Murray*, 451 F.3d 71 (2d Cir. 2006), in June 2006." (Notice of Mot. dated May 19, 2010, Dkt # 19.) Because the *Hardy* plaintiffs' complaint—which this Court has dismissed—alleged that the DOCS employees named as defendants imposed PRS on each plaintiff prior to the *Earley* decision, this Court did not previously determine whether the right to have PRS imposed by a judge was clearly established for purposes of defendants' qualified immunity after *Earley*. The issue, now, is whether defendants would still be entitled to qualified immunity for the alleged constitutional violations against the proposed new plaintiffs. If the defendants' conduct post-*Earley* remains protected by qualified immunity, then plaintiffs' amendment to add new plaintiffs seeking damages would be futile.

The doctrine of qualified immunity protects government officials "'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 129 S.Ct. 808, 815 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). To determine whether a right is "clearly established," courts in this Circuit assess whether: "(1) the law is defined with reasonable clarity, (2) the Supreme Court or the Second Circuit has recognized the right, and (3) a reasonable defendant would

2

have understood from the existing law that his conduct was unlawful." *Anderson v. Recore*, 317 F.3d 194, 197 (2d Cir. 2003) (internal quotations and citations omitted). Qualified immunity applies regardless of whether an official's error is "a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact." *Pearson*, 129 S.Ct. at 815. Moreover, whether the law was clearly established must be evaluated at the time of the conduct at issue. *See Harhay v. Town of Ellington Bd. of Educ.,* 323 F.3d 206, 211 (2d Cir. 2003).

In June 2006, the United States Court of Appeals for the Second Circuit held that the administrative imposition of extra-judicial sentences of PRS violated federal law. *Earley*, 451 F.3d at 76 ("The imposition of a sentence is a judicial act; only a judge can do it. The penalty [of PRS] administratively added by the Department of Corrections was, quite simply, never a part of the sentence."). However, the Court's inquiry does not stop there. A right is not clearly established for the purposes of qualified immunity unless a reasonable defendant "would have understood from the existing law that his conduct was unlawful," *Anderson*, 317 F.3d at 197, "at the time of the conduct at issue," *Harhay*, 323 F.3d at 211.

Following *Earley*, there was considerable confusion in New York State courts as to the applicability of the Second Circuit's decision. Two of New York's Appellate Divisions continued to uphold the lawfulness of administratively imposed PRS. *See Garner v. New York State Dep't of Corr. Servs.*, 39 A.D.3d 1019, 831 N.Y.S.2d 923 (3d Dep't 2007); *People v. Thomas*, 35 A.D.3d 192, 826 N.Y.S.2d 36 (1st Dep't 2006). It was not until April 2008 that the New York Court of Appeals struck down the administrative imposition of PRS. *See Garner v. New York State Department of Correctional Services*, 10 N.Y.3d 358, 362, 859 N.Y.S.2d 590, 889 N.E.2d 467 (2008) and *People v. Sparber*, 10 N.Y.3d 457, 859 N.Y.S.2d 582, 889 N.E.2d 459 (2008).

In *Scott v. Fisher*, the Second Circuit recently considered whether *Earley* itself clearly established the "unconstitutionality of administratively imposed PRS for a reasonable New York State correctional official." 616 F.3d at 107 (2d Cir. 2010). The Second Circuit took into consideration the conflicting state court decisions regarding PRS and concluded that "[i]n circumstances of such apparent judicial confusion as to the constitutional propriety of a statutory mandate, qualified immunity might well continue to shield state officials acting pursuant to that statute." *Id.* at 107-08 (citing *Wilson v. Layne*, 526 U.S. 603, 617 (1999) (holding that state officials "cannot have been expected to predict the future course of constitutional law" (internal quotation marks omitted)); *Wilson*, 526 U.S. at 618 ("If judges thus disagree on a constitutional question, it is unfair to subject police to money damages for picking the losing side of a controversy."); *Vives v. City of New York,* 405 F.3d 115, 118 (2d Cir. 2005) (refusing to find the law clearly established where "several courts have specifically declined to find [it] unconstitutional")); *see also Ruffins v. Dep't of Corr. Servs.*, 701 F. Supp. 2d 385, 389 (E.D.N.Y. 2010) ("It was objectively reasonable for the defendants to believe, given the murky legal landscape that followed *Earley*, that they were not violating plaintiff's rights in 2007 by continuing to enforce his PRS.").

Accordingly, this Court now finds that the unlawfulness of administratively imposed PRS was not clearly established from the standpoint of a reasonable DOCS officer in the period after *Earley* and before the New York Court of Appeals' decisions in *Garner* and *Sparber*. Here, plaintiffs seek leave to amend their complaint to add new plaintiffs who had PRS imposed on them "for the first time" after *Earley*. The two individuals that plaintiffs have specifically proposed—Wayne Jefferson and Stephen Iorio—allegedly had PRS imposed on them by defendants in July 2006 and January 2007, respectively. These dates are shortly after *Earley* yet prior to the 2008 opinions in *Garner* and *Sparber*. Because the defendants are entitled to qualified immunity for the actions allegedly taken against the plaintiffs sought

4

to be added, the Court finds that adding to the complaint these new plaintiffs seeking damages would be futile. Plaintiffs' request for leave to amend with new plaintiffs is therefore denied.

Plaintiffs also seek leave to add Anthony J. Annucci, Deputy Commissioner and Counsel for DOCS, as a defendant, alleging his personal involvement in constitutional violations. However, because Annucci, like the other defendants working for DOCS, is protected by qualified immunity in this action, the Court finds that it would be futile for plaintiffs to seek from him money damages or injunctive relief, as discussed below. Plaintiffs' request for leave to amend the complaint to add Annucci is therefore denied.

      C.     Claims for Additional Remedies

Plaintiffs seek leave "to assert claims for equitable relief, including, without limitation, disgorgement of the monthly [] PRS fees collected from plaintiffs," as well as leave to request a declaratory judgment. (Notice. of Mot.) This Court has already considered and rejected the *Hardy* plaintiffs' broad claims for equitable and declaratory relief. *See Hardy*, 701 F. Supp. 2d at 613. In light of the *Hardy* decisions and the alleged facts regarding proposed new plaintiffs, plaintiffs here have failed to demonstrate that they can adequately state a claim for injunctive or declaratory relief. *See Lucente v. Int'l Business Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) (citing *Nettis v. Levitt*, 241 F.3d 186, 193 (2d Cir. 2001)) ("An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)."). Furthermore, the addition of a specific prayer for disgorgement of fines collected from plaintiffs who were subject to extra-judicial PRS does not circumvent this Court's earlier dismissal of the complaint, because the Eleventh Amendment bars such relief. *See Edelman v. Jordan*, 415 U.S. 651, 663 (1974).

Any recovery of fines that plaintiffs actually paid as a result of being subject to PRS would clearly be retroactive monetary relief. The United States Supreme Court held in *Edelman v. Jordan* that despite characterizing a

> retroactive award of monetary relief as a form of 'equitable restitution,' it is in practical effect indistinguishable in many aspects from an award of damages against the State. It will to a virtual certainty be paid from state funds, and not from the pockets of the individual state officials who were the defendants in the action. It is measured in terms of a monetary loss resulting from a past breach of a legal duty on the part of the defendant state officials.

415 U.S. at 668. Thus, the Eleventh Amendment prohibits such an award of retroactive damages from the state, even if plaintiffs could demonstrate a breach of a legal duty. *See* U.S. Const. amend. XI; *Edelman*, 415 U.S. at 663. Neither the fact that individuals and not the state are named as defendants in this action, nor the fact plaintiffs characterize the relief sought as equitable, overcomes the Eleventh Amendment bar. *See Edelman*, 415 U.S. at 666-668. Because amendment of the complaint to seek additional equitable and declaratory relief would be futile, plaintiffs' motion for leave to amend is denied.

### III.  CONCLUSION

For the reasons set forth above, plaintiffs' motion for reconsideration of this Court's March 31, 2010 Opinion and Order and for leave to amend the complaint is denied in its entirety.

Dated: New York, New York
       November 3, 2010

SO ORDERED:

Sidney H. Stein, U.S.D.J.

6